**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1958
_____

JAMIL COOPER,
                              Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
JOHN WETZEL
MARIROSA LAMAS;
KURT GRANLUND;
SERGEANT STROHM;
CORRECTIONAL OFFICER SHEMAN, all in their official capacities
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 1-12-cv-01186)
District Judge: Hon. Yvette Kane
_____

Argued October 3, 2018
_____

Before: SHWARTZ, ROTH, and FISHER, Circuit Judges.

(Filed: November 21, 2018)

_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Selby P. Brown, Esq. [ARGUED]
Stephen D. Brown, Esq.
Dechert
2929 Arch Street
18th Floor, Cira Centre
Philadelphia, PA 19104

　　　*Counsel for Appellant*[**]

Joseph G. Fulginiti, Esq. [ARGUED]
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050

　　　*Counsel for Appellees*

SHWARTZ, Circuit Judge.

Plaintiff Jamil Cooper appeals the District Court's orders granting summary judgment to Defendants and denying Plaintiff's motions to postpone consideration of the summary judgment motion and to compel answers to interrogatories. For the reasons that follow, we will vacate in part and affirm in part.

I

A

Cooper was an inmate at State Correctional Institution Rockville ("SCI-Rockville"), where he served as Block Representative for housing A Block. On September 6, 2011, an officer ordered Cooper to assist inmate Kristian Diaz Cruz. Diaz Cruz is blind and wanted to file a grievance with the prison superintendent regarding how

[**] Attorneys for Appellant appeared pro bono, and their service is in the highest traditions of our profession. We thank them for their representation in this case.

the officers were treating him and handling his insulin injections. While Cooper and Diaz Cruz were seated together, Correctional Officer Sherman walked by and called out to Cooper, "So you think you know how to write people up!" App. 0153, 0176.

The same day, Sherman completed a misconduct report charging Cooper with refusing to obey an order and being present in an unauthorized area. According to the report, Sergeant Strohm ordered all inmates to return to their cells, but Cooper continued to loiter. Sherman again ordered him to his cell, but Cooper instead went to the control bubble seeking a pass to go to the library. Sherman's report states that Cooper committed the same offenses on August 13, 2011. Nothing indicates that Cooper was served with the September 6, 2011 report.

On September 7, 2011, Sherman wrote another misconduct report, charging Cooper with refusing to obey another one of Strohm's orders to return to his cell and being present in an unauthorized area. The September 7, 2011 report referenced Cooper's alleged misconduct on September 6, 2011. Cooper was served with the September 7, 2011 report. That day, Sherman called Cooper names, cursed at him in front of other inmates, and implied that he was a snitch. In response, on September 8, 2011, Cooper filed a grievance against Sherman and met with Unit Manager Kurt Granlund.

Cooper states that during 2011 he had complained to prison officials that Granlund acted unprofessionally, was biased, and did not intervene in housing matters. With respect to the misconduct reports, Cooper asserts that Granlund did not permit him to see the September 6, 2011 misconduct report until Cooper signed an Informal Resolution

3

Action Form. After Cooper signed the form, Granlund told Cooper he was guilty of misconduct without providing any findings of fact or giving Cooper a chance to explain his version of the events. Granlund gave Cooper fourteen days' cell restriction. Cooper unsuccessfully appealed the misconduct. A few weeks later, Granlund dismissed Cooper's grievance against Sherman.

B

Cooper filed a pro se complaint and an amended complaint in the United States District Court for the Middle District of Pennsylvania against Defendants Pennsylvania Department of Corrections, John Wetzel, Marirosa Lamas, Kurt Granlund, Sergeant Strohm, and Correctional Officer Sherman. Cooper claims that Defendants retaliated against him for assisting Diaz Cruz and complaining about Granlund, and that he was denied procedural due process in his misconduct proceedings.[1]

Pursuant to the Standing Practice Order and the Middle District's local rules, discovery was scheduled to begin the day the last pleading was filed and would run six months from that date. Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and the District Court stayed discovery pending the resolution of that motion. The Court dismissed all but Cooper's First Amendment and Due Process retaliation claims, Defendants filed their answer, and the six-month discovery period commenced on May 9, 2014.

---

[1] Cooper also brought conspiracy and defamation claims, which have been dismissed. See generally Cooper v. Pa. Dep't of Corr., Civ. No. 1:CV–12–1186, 2014 WL 1600037 (M.D. Pa. Apr. 21, 2014). Cooper does not challenge that ruling.

After discovery ended, Defendants moved for summary judgment. In response, Cooper moved the District Court to postpone consideration of the summary judgment motion and thereafter filed an opposition brief, together with a response to Defendants' statement of undisputed material facts, affidavits, and supporting exhibits. The Court considered Cooper's untimely materials but denied his motion to postpone consideration of the summary judgment motion, concluding that, based on his response to the motion, it appeared he no longer needed time to obtain evidence and/or the evidence he claimed to need was not "essential to justify his opposition." Cooper v. Pa. Dep't of Corr., Civ. No. 1:12-CV-01186, 2015 WL 9268425, at *1-3 (M.D. Pa. Dec. 21, 2015).

On the day the District Court denied Cooper's motion to postpone, it docketed his motion to compel answers to interrogatories. The District Court denied Cooper's motion to compel and granted summary judgment for Defendants. On the motion to compel, the Court found that Cooper took no action to cure his dissatisfaction with Defendants' interrogatory answers for more than a year after discovery closed and more than nineteen months after receiving the responses.

With respect to Defendants' summary judgment motion, the Court concluded that Cooper had "not established that he had a constitutional right to assist other inmates," and thus no jury could conclude that "Defendants retaliated against Plaintiff for exercising a constitutional right." Cooper v. Pa. Dep't of Corr., Civ. No. 1:12-CV-01186, 2016 WL 1271327, at *5 (M.D. Pa. Mar. 31, 2016). Cooper appeals.

II[2]

A

Our review of an order granting or denying summary judgment is plenary. Mylan Inc. v. SmithKline Beecham Corp., 723 F.3d 413, 418 (3d Cir. 2013). We apply the same standard as the District Court, viewing facts and making reasonable inferences in the non-movant's favor. Hugh v. Butler Cty. Family YMCA, 418 F.3d 265, 266-67 (3d Cir. 2005). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

We review case management orders, like orders denying motions to withhold consideration of summary judgment and orders denying motions to compel discovery, for abuse of discretion. See Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 354 (3d Cir. 2003) (motions to compel and scope of discovery). Therefore, we will not disturb the District Court's rulings on these motions unless they were "arbitrary, fanciful or

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291.

6

clearly unreasonable," and "no reasonable person would adopt [its] view." Stecyk v. Bell

Helicopter Textron, Inc., 295 F.3d 408, 412 (3d Cir. 2002) (internal citations omitted).

B

1

We will first consider whether the District Court properly granted Defendants

summary judgment on Cooper's retaliation claim. A prisoner alleging retaliation must

establish a prima facie case that: (1) he engaged in constitutionally protected conduct;

"(2) he suffered an adverse action at the hands of prison officials; and (3) his

constitutionally protected conduct was a substantial or motivating factor in the decision to

discipline him." Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016), cert. denied sub

nom., Coutts v. Watson, 137 S. Ct. 2295 (2017). If the prisoner establishes each of these

elements, then the burden shifts to the defendant to prove that it "would have made the

same decision absent the protected conduct for reasons reasonably related to a legitimate

penological interest." Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001).

2

With respect to the first element, a plaintiff must demonstrate that the conduct at

issue is constitutionally protected. Cooper asserts that he has a constitutional right to

assist a fellow inmate to file a grievance. Generally, prisoners do not have a First

Amendment right to provide legal assistance to other prisoners. See Shaw v. Murphy,

532 U.S. 223, 230-32 (2001) (declining to extend constitutional protection to inmate-

inmate legal communications, instead applying the test from Turner v. Safley, 482 U.S.

78, 89 (1987), under which prisons can limit conduct if the regulation is reasonably

7

related to a legitimate penological interest).  After the District Court ruled on Defendants' motion, our Court held that where prisoner-to-prisoner legal assistance "was both pursuant to [the plaintiff's] job duties [at the prison] and in accordance with prison regulations, [and] was not inconsistent with legitimate penological interests," such assistance "could fall within the limited First Amendment rights that prisoners retain." Wisniewski v. Fisher, 857 F.3d 152, 156-57 (3d Cir. 2017).

In Wisniewski, we concluded that an Inmate Legal Reference Aide, who was responsible for assisting other inmates with the filing of legal documents and grievances, had engaged in constitutionally protected conduct pursuant to his job duties.  See id. at 155-56.  Cooper asserts that his role as a Block Representative is analogous to the role of an Inmate Legal Reference Aide.  Cooper submitted an affidavit stating that as a Block Representative, it was his

> responsibility to be some what [of a] go between to try and resolve matters if possible informally between staff or corrections officers and inmates or inmates with inmates specifically on [his] housing area (A Block) without causing friction by bringing matters up before the Unit Manager.

App. 0151.  If Cooper's role as a Block Representative is similar to the Inmate Legal Reference Aide in Wisniewski, then his actions assisting Diaz Cruz may be entitled to constitutional protection.  Because neither the District Court nor the parties had an opportunity to consider whether the role of Block Representative is similar to an Inmate Legal Reference Aide, we will vacate the order granting summary judgment on Cooper's retaliation claim based on his assistance to Diaz Cruz and remand for consideration of his claim in light of Wisniewski.

8

Cooper also asserts that he engaged in protected conduct, for which he was retaliated against, when he raised complaints about Granlund. Granlund was Unit Manager for A Block. Cooper, the A Block representative, complained to prison officials that: (1) officers under Granlund's supervision were stealing from cells, (2) Granlund failed to intervene in housing matters, (3) Granlund acted unprofessionally, and (4) Granlund was biased in his investigations.[3]

Assuming Cooper's complaints about Granlund constitute protected conduct and that he suffered adverse consequences, this claim nonetheless fails. Cooper must demonstrate a causal link between his complaints about Granlund and the adverse action he suffered. Cooper stated that he raised complaints about Granlund multiple times throughout 2011, but provided no greater specificity concerning the timing of those complaints. Although Cooper asserts that Granlund addressed him aggressively at the Informal Resolution hearing that followed the September 2011 misconduct reports, allegedly ordering him to sign the form, denying him the proper procedures under DC-ADM 801, and denying his September 8, 2011 grievance against Sherman as "frivolous"

---

[3] Appellees assert that these claims are improperly predicated on self-serving affidavits filed years after the incidents occurred. While "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment," an affidavit with "specific facts that reveal a genuine issue of material fact" is sufficient. Paladino v. Newsome, 885 F.3d 203, 208 (3d Cir. 2018) (quoting Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 161 (3d Cir. 2009)). Cooper's detailed affidavit is not conclusory. Moreover, while Appellees chastise Cooper's failure to produce corroborating evidence, they have not denied the facts contained in those affidavits. Therefore, his affidavits may be considered in determining whether there is a genuine issue of material fact.

a few weeks later, Cooper presents insufficient evidence to show a link between his complaints about Granlund and Granlund's September 2011 actions. Thus, no reasonable jury could find that Granlund acted in retaliation for Cooper's complaints about him. We will therefore affirm the District Court's order granting summary judgment on Cooper's retaliation claim for complaints against Granlund.

C

We next address Cooper's procedural due process retaliation claim. "Prison disciplinary proceedings may . . . constitute a denial of due process in the context of a civil rights action under § 1983 when they are instituted for the sole purpose of retaliating against an inmate for his/her exercise of a constitutional right." Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002). Such a procedural due process claim requires threshold proof of constitutionally protected conduct. Id. (citing Sandin v. Conner, 515 U.S. 472, 486 (1995)); see also Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000). Even if the discipline is initiated in retaliation for a protected act, however, due process is satisfied where the plaintiff has an opportunity to confront and challenge the retaliatory misconduct reports. See Smith, 293 F.3d at 653-54.

The District Court did not address Cooper's procedural due process claim because it found he had not engaged in protected conduct. See Cooper, 2016 WL 1271327, at *3-5. Because we will vacate the Court's ruling on Cooper's retaliation claim based on his assistance to Diaz Cruz for it to determine whether Cooper's actions constitute

10

constitutionally protected conduct under <u>Wisniewski</u>,[4] we will also vacate the order

granting summary judgment on his due process claim.[5]

D

Cooper filed a motion to compel responses to interrogatories while Defendants'

summary judgment motion was pending. Defendants lodged objections to every

interrogatory Cooper served and provided at best minimal responses to very few. The

District Court denied Cooper's motion because it was filed over a year after discovery

closed and nineteen months after receiving Defendants' responses.

Pursuant to the Standing Practice Order and Local Rule 26.4, discovery closed six

months from the date of the last pleading. Cooper first served his interrogatories on June

6, 2013. On January 24, 2014, the District Court stayed discovery pending the resolution

of Defendants' motion to dismiss. The Court resolved the motion, and thereafter

Defendants answered Cooper's amended complaint on May 9, 2014. Their answer

---

[4] On remand, the District Court may consider whether there are disputed material facts concerning this determination and the other elements of his First Amendment and due process retaliation claims.

[5] Cooper also appeals the District Court's order denying his motion to postpone consideration of Defendants' summary judgment motion. Consistent with Cooper's representations at argument, Oral Argument at 10:22-11:10, <u>Cooper v. Pa. Dep't of Corr.</u>, No. 16-1958 (Oct. 3, 2018), http://www.ca3.uscourts.gov/oral-argument-recordings, because we are vacating the order granting summary judgment on Cooper's retaliation and procedural due process claims arising from his assistance to Diaz Cruz and these claims will be subject to renewed summary judgment motions, the appeal of the order denying his motion to postpone is deemed withdrawn. If, in the District Court's judgment, limited discovery is warranted to address the applicability of <u>Wisniewski</u>, then it may permit the parties to engage in such discovery, including serving a discrete number of interrogatories, document demands, and/or conducting depositions.

11

triggered the six-month discovery period, which closed on November 9, 2014.[6] Cooper re-served his interrogatories on May 17, 2014 and Defendants served their responses on May 19, 2014. Cooper's motion to compel responses was filed nineteen months later, on December 21, 2015. Cooper asserts that his delay in filing his motion was in part due to his transfer to a New Jersey prison to face other charges. Even though Cooper was in New Jersey from June to November 2014, and even assuming he could take no action in this case while there, he waited more than a year after his return from New Jersey to take action concerning Defendants' discovery responses.

Applying the deferential abuse of discretion standard, we cannot conclude that the District Court abused its discretion in denying Cooper's motion when he inexplicably waited over nineteen months to address the deficient responses. Furthermore, because we have vacated the Court's order granting summary judgment on his due process and retaliation claims based upon his assistance to Diaz Cruz, Cooper has faced no "actual and substantial prejudice" from not having the responses he sought. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817, 818 (3d Cir. 1982). Thus, we will affirm the order denying his motion to compel.

## III

For the foregoing reasons, we will vacate in part and affirm in part and remand for further proceedings.[7]

---

[6] In its opinion denying Cooper's motion to compel, the District Court stated that discovery closed on December 9, 2014.

[7] The District Court granted summary judgment for all individual Defendants. Cooper v. Pa. Dep't of Corr., No. 1:12-CV-01186, 2016 WL 1294591 (M.D. Pa. Mar. 31,

2016). Cooper made no arguments regarding Lamas and Wetzel in the District Court, and "arguments not raised in the district courts are waived on appeal." United States v. Dupree, 617 F.3d 724, 727 (3d Cir. 2010).